**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JONATHON P. WERNER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | Case No.: 14-CV-6714 |
| | ) | |
| **v.** | ) | Hon. Judge: |
| | ) | |
| **NAVISTAR, INC. and** | ) | |
| **PLANETECHS, LLC d/b/a** | ) | |
| **TRANSTECHS,** | ) | **Jury Trial Demanded** |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

NOW COMES Jonathon P. Werner ("Plaintiff") by and through his undersigned counsel of record, upon personal knowledge as to those allegations in which he possesses upon information and belief as to all other matters, and complaining against Navistar, Inc. and Planetechs, LLC d/b/a TransTechs (collectively, "Defendant"), and in doing so, states as follows:

### Introduction

1.     This is a case about Defendant's blatant violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*. ("ADA") and the Illinois Human Rights Act, 775 ILCS 5/1-101 *et seq*. ("IHRA"), in connection with Plaintiff's former employment with Defendant.

2.     Plaintiff suffers from serious medical conditions/impairments including but not limited to kidney failure. Plaintiff's medical impairments are within the meaning of "disability/handicap" (hereinafter, collectively "disability"), under the ADA and the IHRA.

3.     Plaintiff is a qualified individual with a disability in that he can perform the essential functions of his job with or without reasonable accommodations.

4. However, Defendant discriminated against Plaintiff on the basis of his disability throughout his employment and refused to provide reasonable accommodations for Plaintiff in connection to his employment.

5. Ultimately, Defendant terminated Plaintiff on the basis of his disability and/or need for accommodations.

6. Plaintiff brings this Complaint against Defendant seeking damages and injunctive relief from Defendant for disability discrimination pursuant to the ADA and IHRA.

7. Plaintiff has suffered severe and egregious injuries and damages as a direct and proximate result of Defendant's unlawful conduct alleged herein.

## PARTIES

8. Plaintiff is a qualified individual with a disability under the ADA and IHRA and/or perceived as disabled by Defendants. Plaintiff was employed as a Product Support Technician for Defendants from about June 2012 through the date of his termination, July 17, 2013. Plaintiff was employed by Defendants as they were joint and/or single employers.

9. Defendant Navistar manufactures trucks, busses and engines. The company is incorporated in the state of Delaware and has a registered business agent in Chicago, Illinois. Defendant Navistar does business within the Northern District of Illinois.

10. Defendant Planetechs d/b/a TransTechs is a company that provides technicians for transportation employers. Defendant TransTechs does business in Illinois and within the Northern District of Illinois.

## Procedural History

11. Plaintiff timely filed Charges of Discrimination with the Chicago District Office of the Equal Employment Opportunity Commission ("EEOC") on November 29, 2013. The

Charges of Discrimination are attached hereto as Group Exhibit A.

12.     The EEOC issued Plaintiff a Notice of Right to Sue letter on June 3, 2014 and July 3, 2014.  The Notice of Right to Sue letters is attached hereto as Group Exhibit B.

13.     Plaintiff has properly exhausted all administrative requirements and initiated litigation within ninety (90) days of receiving his Notice of Right to Sue letters from the EEOC.

## Jurisdiction and Venue

14.     The Court has proper jurisdiction to this matter pursuant to 28 U.S.C. §§ 1331, 1658, 2201 and 2202.  This suit is authorized and instituted pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq*. The Court has pendent jurisdiction over the Illinois Human Rights Act, 775 ILCS 5/1-101 *et seq*. claims pursuant to 28 U.S.C. § 1367.

15.     Venue is proper in this case under 28 U.S.C. § 1391(B) and (C) because Defendant Navistar and Defendant TransTechs have offices in the Northern District of Illinois. Defendant Navistar and Defendant TransTechs have also engaged in conduct in the Northern District of Illinois adversely affecting Plaintiff.

## General Allegations

16.     Plaintiff incorporates by reference all of the allegations contained in the attached Charges of Discrimination filed by Plaintiff.  Group Exhibit A.

17.     All allegations contained herein are pled in the alternative to the extent necessary for proper construction under the law.

18.     Plaintiff was a Product Support Technician with Defendant Navistar from in or around June 2012 through his termination.  Hereinafter, Defendant TransTechs and Defendant Navistar shall collectively be referred to as "Defendant."

19. Plaintiff was a qualified, competent and dedicated employee who met Defendant legitimate business expectations.

20. On or about May 10, 2013 Plaintiff was diagnosed with kidney failure and, consequently, missed six (6) weeks of work.

21. Plaintiff's kidney failure is a serious medical condition or impairment. Plaintiff has record of his medical impairment, is regarded as having impairment serious medical condition/impairment, and the medical substantially limits one or more major life activities.

22. Plaintiff could perform all essential function of his job while working for Defendant, with or without a reasonable accommodation.

23. Plaintiff notified and kept Defendant informed of his medical condition/impairment and need for reasonable accommodations at all times throughout his employment.

24. On or about July 16, 2013, Plaintiff complained in writing of discrimination in the workplace based on his medical impairment and Defendant's apparent refusal to accommodate his medical impairment.

25. Despite Plaintiff's complaint of discrimination and refusal to accommodate, Defendant took no action to investigate, prevent, mitigate, remediate, stop or otherwise address the discrimination and refusal to accommodate.

26. On or about July 17, 2013, Defendant terminated Plaintiff based on his medical condition/impairment and request for a reasonable accommodation.

27. There is no legitimate, non-discriminatory/non-retaliatory basis for Defendant's discriminatory/retaliatory treatment of Plaintiff, including termination.

28.     Defendant was aware that the illegal and discriminatory actions described herein violated state and federal law.  Defendant knowingly and intentionally violated state and federal law.

29.     As a direct and proximate result of Defendant's discrimination, Plaintiff suffered severe and egregious injury and damages.

## CAUSES OF ACTION

### Count I

### Discrimination/Retaliation in violation of the Americans with Disabilities Act
### 42 U.S.C. § 12112(b)(1)

30.     Plaintiff restates and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth hererin.

31.     At all relevant times, Plaintiff was an employee for Defendant.

32.     At all relevant times, Defendant was an employer subject to the ADA.

33.     Plaintiff was a qualified individual with a disability within the meaning of the ADA.

34.     Defendant discriminated and/or retaliated against Plaintiff in a way that adversely affected the opportunities and/or status of Plaintiff based on his disability, in violation of the ADA, including but not limited to:

    a.     Defendant did not provide Plaintiff with one week's notice before traveling so that he could get the necessary medical supplies for travel.

    b.     Defendant refused to reimburse Plaintiff for travel expenses while reimbursing non-disabled employees for their travel expenses.

    c.     Defendant interfered with Plaintiff's medical appointments and treatment.

d.     Defendant did not allow Plaintiff to occasionally work from home in order to sign for the delivery of his medical supplies.

e.     Defendant scheduled Plaintiff's travel for times that would interfere with his medical treatments.

f.     Defendant terminated Plaintiff for occasionally working from home despite the fact that Plaintiff needed to be at home on occasions in order to sign for his medical supplies.

g.     Defendant terminated Plaintiff shortly after complaining about the discrimination to which he was subjected to.

35.     On or about July 17, 2013, Defendants terminated Plaintiff in whole or in part because of his disability and/or in retaliation for his requests for accommodation and/or complaint about discrimination.

36.     Defendant's conduct violated the ADA and was the direct and proximate cause of Plaintiff incurring severe damages including but not limited to loss of employment, lost wages, lost benefits and severe emotional distress.

## Count II

### Failure to accommodate in violation of the Americans with Disabilities Act
### 42 U.S.C. § 12112(b)(5)(B)

37.     Plaintiff restates and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth hererin.

38.     At all relevant times, Plaintiff was an employee for Defendant.

39.     At all relevant times, Defendant was an employer subject to the ADA.

40.     Plaintiff was a qualified individual with a disability within the meaning of the ADA.

41.     As a result of his disability, Plaintiff was not able to lift heavy objects. Additionally, Plaintiff's disability required that he receive one week's notice of any work-related travel so that he could obtain the necessary medical supplies for travel. Finally, Plaintiff's disability required him to occasionally attend medical appointments, and occasionally sign for the delivery of his medical supplies at home.

42.     Plaintiff requested that Defendant reasonably accommodate him by providing him with one week's notice before travel, allowing him to occasionally attend medical appointments, allowing him to occasionally work from home to sign for the delivery of medical supplies, and Plaintiff requested to avoid lifting heavy objects at work.

43.     Defendant failed to make a reasonable accommodation in the workplace for Plaintiff when:

   a.     Defendant did not provide Plaintiff with one week's notice before traveling so that he could get the necessary medical supplies for travel.

   b.     Defendant interfered with Plaintiff's medical appointments and treatment.

   c.     Defendant did not allow Plaintiff to occasionally work from home in order to sign for the delivery of his medical supplies.

   d.     Defendant scheduled Plaintiff's travel for times that would interfere with his medical treatments.

   e.     Defendant required Plaintiff to lift heavy parts causing injury.

44.     Defendant failed to engage in an "interactive process" to determine whether a reasonable accommodation could be made for Plaintiff's disability and, ultimately, failed to reasonably accommodate Plaintiff.

45.     Plaintiff's requests for reasonable accommodations in the workplace did not constitute an undue hardship on Defendant.

46.     Defendant's conduct violated the ADA and was the direct and proximate cause of Plaintiff incurring severe damages including but not limited to loss of employment, lost wages, lost benefits and severe emotional distress.

## Count III

### Discrimination/Retaliation in violation of the Illinois Human Rights Act
### 775 ILCS 5/2-102

47.     Plaintiff restates and incorporates by reference all preceding paragraphs of this Complaint as though fully set forth hererin.

48.     At all relevant times, Plaintiff was an employee for Defendant.

49.     At all relevant times, Defendant was an employer subject to the IHRA.

50.     Plaintiff's medical impairments constitute a disability within the meaning of the IHRA.

51.     Defendant discriminated and retaliated against Plaintiff based on his disability in violation of the IHRA, as alleged herein, including but not limited to:

   a.     Defendant did not provide Plaintiff with one week's notice before traveling so that he could get the necessary medical supplies for travel.

   b.     Defendant refused to reimburse Plaintiff for travel expenses while reimbursing non-disabled employees for their travel expenses.

   c.     Defendant interfered with Plaintiff's medical appointments and treatment.

   d.     Defendant did not allow Plaintiff to occasionally work from home in order to sign for the delivery of his medical supplies.

e. Defendant scheduled Plaintiff's travel for times that would interfere with his medical treatments.

f. Defendant terminated Plaintiff for working from home despite the fact that Plaintiff needed to be at home in order to sign for his medical supplies.

g. Defendant terminated Plaintiff shortly after complaining about the discrimination to which he was subjected to.

52. On or about July 17, 2013, Defendants terminated Plaintiff in whole or in part because of his disability, requests for reasonable accommodations and/or in retaliation for his complaints of discrimination.

53. Defendant's conduct violated the IHRA and was the direct and proximate cause of Plaintiff incurring severe damages including but not limited to loss of employment, lost wages, lost benefits and severe emotional distress.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment in his favor and against Defendant as follows:

a. Damages sufficient to compensate Plaintiff for his injuries, including back pay, lost wages and benefits and all other damages sufficient to compensate Plaintiff for his injuries;

b. Reinstatement or front pay;

c. Emotional distress damages;

d. Punitive damages and/or liquidated damages;

e. Pre-judgment and post-judgment interest;

f. Reasonable attorneys' fees and costs of this action; and

h. Any other relief that this Honorable Court may deem just and equitable.

9

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial

by jury on all questions of fact raised by the Complaint.

Dated:  August 29, 2014                     Respectfully submitted,

                                                      FOOTE, MIELKE, CHAVEZ & O'NEIL, LLC

                                                      **JONATHON P. WERNER**

                                                      By:/s/Kathleen C. Chavez
                                                          Kathleen C. Chavez, Esq. (#6255735)
                                                          Robert M. Foote, Esq. (#03214325)
                                                          Peter L. Currie, Esq. (#06281711)
                                                        FOOTE, MIELKE, CHAVEZ & O'NEIL, LLC
                                                          10 West State Street
                                                          Suite #200
                                                          Geneva, Illinois 60134
                                                          Tel. No.: (630) 232-7450
                                                          Fax No.: (630) 232-7452

                                                      ***ATTORNEYS FOR PLAINTIFF***